NO. 07-97-0373-CR


 


IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



MAY 17, 2002



______________________________




JOE L. MACKEY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 97-424181; HONORABLE JIM BOB DARNELL, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Appellant Joe L. Mackey appeals from his conviction for possession with intent to
deliver cocaine, a controlled substance. We affirm the judgment as modified.

 Appellant was indicted by a Lubbock County grand jury in Cause Number 97-424181 in the 140th District Court (the trial court) for delivery of a controlled substance and
for possession of a controlled substance with intent to deliver. A jury found him guilty of
possession with intent to deliver cocaine of the aggregate weight, including adulterants or
dilutants, of less than four grams but at least one gram. The jury assessed punishment at
confinement in the Texas Department of Criminal Justice, Institutional Division, for 15
years.

 Appointed counsel for appellant has filed a Motion to Withdraw and a Brief in
Support thereof. In support of the motion to withdraw, counsel has certified that, in
compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493
(1967), the record has been diligently reviewed and that in the opinion of counsel, the
record reflects no reversible error or grounds upon which a non-frivolous appeal can
arguably be predicated. Counsel thus concludes that the appeal is frivolous. 

 In reaching the conclusion that the appeal is without merit, counsel advances three
possible issues: (1) whether the trial court erred in overruling appellant's challenges for
cause of members of the jury venire, (2) whether the trial court erred in overruling
appellant's challenge to the State's use of two of its peremptory challenges to strike
African-American members of the venire, and (3) whether a fatal variance existed between
enhancement allegations of the indictment and trial proof when the indictment did not
allege a final date for conviction of the enhancement offenses. After referencing,
analyzing and discussing the record of the jury venire voir dire proceedings, the Batson (1) 
hearing concerning the State's reasons for its peremptory challenges to two African-American veniremembers and the trial record, counsel has discussed why, under the
controlling authorities, there is no reversible error in the trial court's judgment. See High
v. State, 573 S.W.2d 807, 813 (Tex.Crim.App. 1978). 

 Counsel has certified that a copy of the Anders brief and Motion to Withdraw have
been forwarded to appellant, and that counsel has appropriately advised appellant of
appellant's right to review the record and file a response to counsel's motion and brief. 
Indeed, appellant has filed a response to counsel's motion and brief. In his response,
appellant urges the issues identified by his counsel in the Anders brief, but simply
advances the position that the trial court erred in its rulings. 

 The State has filed a brief in response to the brief of appellant's counsel and
appellant's pro se response to his counsel's brief. The State concludes that the appeal
presents no reversible error. 

 We have made an independent examination of the record to determine whether
there are any arguable grounds meriting appeal. See Penson v. Ohio, 488 U.S. 75, 109
S.Ct. 346, 102 L.Ed.2d 300 (1988); Stafford v. State, 813 S.W.2d 503, 511 (Tex.Crim.App.
1991). We have found no such grounds. We agree that the appeal is without merit. 

 During our review, however, we noted that the trial court's judgment correctly recites
the jury verdict finding appellant guilty of possessing, with intent to deliver, cocaine by
aggregate weight, including adulterants or dilutants, of "less than four (4) grams but at
least one (1) gram." The judgment, however, then incorrectly finds appellant guilty of the
offense of "Possession with Intent to Deliver a Controlled Substance - Cocaine less than
two [sic] (200) grams but at least four (4) grams . . . ." 

 Accordingly, counsel's Motion to Withdraw is granted. The judgment of the trial
court is modified as follows: language of the judgment finding or referencing that appellant
is guilty of possession with intent to deliver a controlled substance - Cocaine less than ". . .
two (200) grams but at least four (4) grams . . ." is modified to read that appellant is guilty
of possession with intent to deliver a controlled substance - Cocaine less than ". . . four (4)
grams but at least one (1) gram . . . ." See Tex. R. App. P. 43.2(b). Except as specifically
modified, the judgment of the trial court is affirmed.


 Phil Johnson

 Justice





Do not publish.
1. See Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).